AO 91 (REV.5/85) Criminal Complaint       AUSA April M. Perry (312) 886-5966

**FILED**
JUL 12 2006
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT

_____ NORTHERN _____ DISTRICT OF __ILLINOIS, EASTERN DIVISION__

UNITED STATES OF AMERICA

**MAGISTRATE JUDGE MASON**

**CRIMINAL COMPLAINT**

v.

SEAN SAVELSBERG

CASE NUMBER: **06CR 0497**

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 18, 2004, in __Lake__ County, in the __Northern__ District of __Illinois__, defendant did,

knowingly receive in interstate commerce by means of a computer, an image of child pornography as defined in Title 18, United States Code, Section 2256(8)(A), namely, a computer file described in the attached affidavit as Image A,

in violation of Title __18__ United States Code, Section __2252A(a)(2)__.

I further state that I am a __Special Agent, ICE__ and that this complaint is based on the following facts:

See Attached Affidavit.

Continued on the attached sheet and made a part hereof:  _X_ Yes  _ No

Signature of Complainant

Sworn to before me and subscribed in my presence,

July 12, 2006                    at    Chicago, Illinois
Date                                    City and State

Magistrate Judge Michael T. Mason
Name & Title of Judicial Officer          Signature of Judicial Officer

| | |
|---|---|
| STATE OF ILLINOIS | ) |
| | ) SS |
| COUNTY OF COOK | ) |

I, Gregory Sandlund, being duly sworn, do hereby depose and state:

1) I am a Special Agent with the Department of Homeland Security, Immigration and Customs Enforcement ("ICE"), assigned to the Special Agent in Charge office in Chicago, Illinois and have been so employed since 2003. As part of my daily duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in all forms of media including computer media.

2) The information in this affidavit is based upon my personal observations and training, as well as on information related to me by other law enforcement officers and individuals. The information in this affidavit is intended to establish that probable cause exists to believe that Sean Savelsberg knowingly received child pornography in interstate commerce by computer, in violation of Title 18, United States Code, Section 2252A(a)(2). Because it is intended solely to establish probable cause, this affidavit does not contain all the details known to me regarding this investigation.

3) America OnLine (AOL) is a computer network based in Virginia. An AOL subscriber can choose various "screen names" to identify himself online. A subscriber can then communicate using his screen name with other AOL subscribers via e-mail, chat rooms, private chat rooms or instant messages. Within the AOL system, text messages and graphic images (such as photographs) can be e-mailed to a subscriber, or to any person with an Internet e-mail address. Both text and graphics files can be saved to the computer's hard drive or other electronic media for access and printing at any time. Communications, such as e-mail, between AOL subscribers are always routed through AOL's Virginia network.

4) On September 29, 2005, ICE Special Agent Kevin Gerlock and Special Investigator Brian Bone from the Lake County State's Attorney's Office conducted a knock and talk interview with an individual they believed was using AOL to distribute child pornography ("Individual A"). At the beginning of the interview, they advised Individual A of their identities and told Individual A that they were at his residence in reference to an investigation involving illegal internet activities. Individual A invited the investigators into Individual A's residence and asked the investigators to sit in the living room. The investigators asked Individual A if he had an AOL account and he stated that he did. He then stated that he used the primary screen name of "JOHN4170." Individual A said that he was the only one who knew the current passwords to the AOL account and that he did not believe any other person had access to the account. According to Individual A, the last time he logged on and used the account was that morning, September 29, 2005.

5) The investigators then advised Individual A that the investigation revolved around the screen name of "JENTOBUSED14" and the trading of child pornography. The investigators asked Individual A if he would consent to a search of the computer within his residence for anything relating to the trading of child pornography or the use of that screen name. Individual A stated that he wanted to cooperate and said that he would show investigators the computer that he used. Individual A escorted the investigators to his bedroom and showed them his computer system. At that time, Investigator Bone read a consent to search form out loud to Individual A. Individual A stated that he understood the form and filled in his name at the top of the form and signed the form.

6) Investigator Bone subsequently completed an on-site analysis of the computer system in question and discovered several videos and images of child pornography as well as evidence indicating that Individual A used the screen name "JENTOBEUSED14." After Investigator Bone's analysis was completed, Individual A was given his Miranda rights orally and in writing. Individual A stated that he was willing to speak with the investigators, and signed a Miranda waiver form. Individual A then told the investigators that he had been trading in child pornography images for approximately two years. Specifically, Individual A told investigators

that he visited chat rooms where he found people with whom he would then trade child pornography images via e-mail. Individual A also admitted that he created and used the screen names "JENTOBEUSED14," "SWTLILMINDI," and "HOTYKGKIM15" for trading child pornography.

7) Subsequently, a full forensics examination was performed on Individual A's computer. This examination revealed numerous e-mails, with images attached, that had been sent or received by Individual A. Specifically, the examination showed that on or about January 19, 2005 and January 21, 2005, Individual A received on his computer via e-mail a total of seven images depicting children from another AOL subscriber using the screen name "CAROLEANN86".

8) On approximately October 3, 2005 Agent Gerlock issued a U.S. Customs Summons to AOL for subscriber information regarding AOL screen name "CAROLEANN86." A few weeks later, a response was received from AOL indicating that the account was registered to Sean Savelsberg, Highwood, Illinois, since 2001.

9) On July 6, 2006, Investigator Brian Bone and I conducted an interview at the residence of Sean Savelsberg in Highwood, Illinois. Upon arriving at Savelsberg's home, Investigator Bone and I identified ourselves as law enforcement officers and asked Savelsberg if he was willing to speak with us. Savelsberg stated that he was willing to speak with us, and invited us into his residence. We then told Savelsberg that we were interested in speaking with him about his involvement in the distribution and receipt of child pornography using the internet. Savelsberg stated that he had viewed child pornography on his computer and that he was willing to cooperate with our investigation. We then read Savelsberg his Miranda rights, and Savelsberg waived his rights both orally and by signing a written waiver form.

10) After waiving his Miranda rights, Savelsberg told us that he uses his computer to chat with girls and to trade images. He stated that there were probably child pornography images on his computer that he had received via e-mail, and that there were also likely child pornography videos on his computer. He further stated that one of the screen names he used was "SNSSN2."

11) We then asked Savelsberg if he would allow us to search his computer and his online accounts. Savelsberg agreed orally and also signed a consent to search form allowing us to search and seize his computer.

12) Subsequently, Investigator Bone conducted a forensic preview of Savelsberg's computer. This preview revealed numerous e-mails, with images attached, that had been received by Savelsberg. Specifically, the examination showed that on or about April 18, 2004, Savelsberg (using screen name "SNSSN2") used his computer to receive an image of child pornography from another AOL subscriber using the screen name "BILLYPAINTS57" (hereinafter "Image A").

13) Image A depicts one nude pre-pubescent female laying on a bed with her legs spread open and her genitalia exposed. The female is spreading her genitalia apart with her hand.

14) Based on the above information, I submit that there is probable cause to believe that on or about April 18, 2004, Sean Savelsberg knowingly received in interstate commerce by means of a computer child pornography, namely, Image A, in violation of Title 18, United States Code, Section 2252A(a)(2).

_____
Gregory Sandlund
ICE Special Agent

Subscribed and sworn
before me this /2- of July 2006

_____
Michael T. Mason
United States Magistrate Judge